NUMBER 13-01-552-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

EL
PUERTO DE LIVERPOOL, 

S.A. DE C.V.,                                                                       Appellant,

 

                                                   v.

 

SERVI
MUNDO LLANTERO 

S.A. DE C.V.,                                                                        Appellee.

 



 

                         On appeal from the 92nd District Court

                                  of Hidalgo County, Texas.

 

 



                        CONCURRING OPINION ON 

                  MOTION FOR REHEARING EN BANC

 

                                  Before the Court En Banc

                          Concurring Opinion by
Justice Dorsey

 








I concur in this Court=s denial of
appellant=s motion for
rehearing en banc, but write separately to address two matters.  First, the status of the plaintiff in the
underlying litigation does not bear on the issue of whether the State of Texas
can exercise personal jurisdiction over the defendant.  Also, that the defendant maintains a bank
account in Texas, is not in itself sufficient to
confer personal jurisdiction.

I agree that the actions of El Puerto=s subsidiaries
in the State of Texas subjects El Puerto, the parent corporation, to general in
personam jurisdiction.  El Puerto
de Liverpool, S.A. de C.V. v. Servi Mundi Llanter S.A. de CV, 2002 Tex.
App. LEXIS 3891, at *24B*26 (Corpus
Christi, May 30, 2002, no pet. h.); see Daimler-Benz
Aktiengesellschaft v. Olson, 21 S.W.3d 707, 720 (Tex. App.CAustin 2000,
pet. dism=d w.o.j.), writ
denied, DaimlerChrysler Aktiengesellschaft, 152 L. Ed. 2d 1021, 122
S. Ct. 1960, 2002 U.S. LEXIS 3596, 70 U.S.L.W. 3707 (U.S. 2002).  The subsidiaries conduct substantial business
in Texas which is integral to the overall operations of the Mexican parent
corporation.  That kind of systematic and
continuous conduct in the state of Texas satisfies the minimum contacts
analysis.  Texas may properly assert in
personam jurisdiction over El Puerto on that basis.

 

______________________________

J.
BONNER DORSEY,

Justice

 

Publish.

Tex.
R. App. P. 47.3(b).

Opinion delivered and
filed

this 23rd day of August,
2002.